IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EDWARD BRADDY, # 2197600,<br><br>Plaintiff,<br><br>v.<br><br>JAMES RICE, ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 6:19-CV-00360-JDK-JDL |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edward Braddy ("Plaintiff"), an inmate confined at the Michael Unit of the Texas Department of Criminal Justice ("TDCJ"), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. (Docket No. 1) The cause of action was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On January 27, 2022, Judge Love issued a Report (Docket No. 55), recommending that Plaintiff's medical deliberate indifference claim be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915A(b)(1). Judge Love also recommended that Plaintiff's remaining claims be dismissed, with prejudice, until the *Heck* conditions were met. *Id*.

1

The Court reviews the findings and conclusions of the Magistrate Judge *de novo* only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a *de novo* review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir, 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten days to fourteen).

In his objections, Plaintiff first complains that he has stated a claim upon which relief may be granted by claiming that two unknown nurses[1] failed to protect him from Sergeant Rice's attack. (Docket No. 56, at 1) Plaintiff generally reiterates the same claim from his complaint. *Id*. Plaintiff's claims are without merit because, as Judge Love's Report explained, claims that the unknown male nurse failed to protect Plaintiff from Sergeant Rice are precluded by *Heck*, because such claims could not co-exist with Plaintiff's conviction for assaulting Sergeant Rice. (Docket No. 55, at 6–10)

Plaintiff then complains that his conviction for Assault on a Public Servant is invalid because he did not enter into the plea knowingly and willingly. (Docket No. 56, at 2) Plaintiff attaches a signed Felony Agreed Plea Recommendation form and the Judgment of Conviction. (Docket No. 56-1) Plaintiff's claims are without

---

[1] In his objections, Plaintiff claims that two unknown nurses failed to protect him from Sergeant Rice's attack. However, in his complaint, Plaintiff asserts only the failure to protect claim against unknown nurse #2. (Doc. No. 1, at 3)

2

merit because Plaintiff's exhibit shows that Plaintiff agreed to and signed the plea agreement, which stated that his plea was knowing and voluntary. *Id*. At 9.

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff's objections are without merit. Accordingly, it is **ORDERED** that the Reports and Recommendations of the United States Magistrate Judge (Docket No. 55) are **ADOPTED** as the opinion of the Court. Plaintiff's objections (Docket No. 56) are **OVERRULED**. Finally, it is **ORDERED** that any and all motions which may be pending in this cause of action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **25th** day of **February, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE